2012 ME 49

**OPINION OF THE JUSTICES of the Supreme Judicial Court given under the Provision of Article VI, Section 3 of the Maine Constitution.**

Supreme Judicial Court of Maine.

Questions Propounded by the
Maine House of Representatives
in a Communication
Dated Feb. 29, 2012.
Signed March 27, 2012.
Answered March 29, 2012.

STATE OF MAINE

In House 2/29/12

**WHEREAS,** it appears to the House of Representatives of the 125th Legislature that the following are important questions of law and that this is a solemn occasion; and

**WHEREAS,** the Constitution of Maine, Article VI, Section 3 provides for the Justices of the Supreme Judicial Court to render their opinion on these questions; and

**WHEREAS,** there is a question within the House of Representatives as to what activities constitute engaging in trade or commerce within the meaning of the Constitution of Maine, Article V, Part Third, Section 3; now, therefore, be it

**ORDERED,** that, in accordance with the provisions of the Constitution of Maine, the House of Representatives respectfully requests the Justices of the Supreme Judicial Court to give the House of Representatives their opinion on the following questions of law:

Question 1. Does mere ownership of business interests or stock by the Treasurer of State constitute engaging in any business of trade or commerce, or as a broker, or as an agent or factor for any merchant or trader as such terms are used in the Constitution of Maine, Article V, Part Third, Section 3?

Question 2. If the answer to Question 1 is in the affirmative, would the Treasurer of State be engaged in any business of trade or commerce, or as a broker, or as an agent or factor for any merchant or trader if the Treasurer of State did not manage or involve himself in the day-to-day activities of such business interests or stock?

Question 3. If it is determined that the Treasurer of State has engaged in any business of trade or commerce, or as a broker, or as an agent or factor for any merchant or trader, does that finding affect or have an impact on the validity of the actions taken by the Treasurer of State in the performance of his official duties as used in the Constitution of Maine, Article V, Part Third, Section 3?

## OPINION OF THE JUSTICES

To the Honorable House of Representatives of the State of Maine:

[¶ 1] Pursuant to article VI, section 3 of the Maine Constitution, the House of Representatives asks us for an advisory opinion addressing questions related to the meaning of "engag[ing] in any business of trade or commerce, or as a broker, [ ]or as an agent or factor for any merchant or trader" in article V, part third, section 3 of the Maine Constitution.

[¶ 2] After inviting input from the House of Representatives and any interested person, we received the following simultaneously filed briefs: one brief from eight members of the House of Represen-

tatives (Representatives Emily Cain, Terry Hayes, Mark Dion, Charles Priest, Sharon Treat, John Martin, Jon Hinck, and Maeghan Maloney), one brief from the Maine Attorney General, and one brief from the Maine Heritage Policy Center. Although allowed, no responsive briefs were filed. The Attorney General and the Maine Heritage Policy Center argue that no solemn occasion has been presented with respect to any of the three questions. The eight House members urge us to conclude that a solemn occasion exists as to the first question presented and a solemn occasion does not exist as to the second question presented. The eight house members express no position with respect to the third question presented.

[¶ 3] For the reasons described below, we conclude that no solemn occasion has been presented on the three propounded questions.

## I. AUTHORITY OF THE JUSTICES

[¶ 4] When either house of the Legislature or the Governor requests an advisory opinion of the Justices, "we must first determine whether we have the constitutional authority to answer the questions." *Opinion of the Justices*, 709 A.2d 1183, 1185 (Me.1997). "[O]pinions propounded pursuant to section 3, article VI of the Constitution of Maine are not binding decisions of the Supreme Judicial Court," but rather are opinions of the individual Justices. *Opinion of the Justices*, 673 A.2d 693, 695 (Me.1996).

[¶ 5] We provide advisory opinions only "upon important questions of law, and upon solemn occasions." Me. Const. art. VI, § 3. A solemn occasion arises "when questions are of a serious and immediate nature, and the situation presents an unusual exigency." *Opinion of the Justices*, 2004 ME 54, ¶ 3, 850 A.2d 1145 (citation omitted). The determination that a solemn occasion exists "is of significant import, and we will not find such an occasion to exist except in those circumstances when the facts in support of the alleged solemn occasion are clear and compelling." *Opinion of the Justices*, 2002 ME 169, ¶ 8, 815 A.2d 791. "[W]e will not answer questions that are tentative, hypothetical and abstract." *Id.* ¶ 6 (quotation marks omitted).

[¶ 6] For a solemn occasion to exist, the question propounded must concern a matter of "live gravity" and "unusual exigency," which means that the body asking the question requires judicial guidance in the discharge of its obligations. *Opinion of the Justices*, 709 A.2d at 1185. Thus, we may answer a question if the body posing the question has serious doubts as to its own constitutional or statutory power and authority to take a necessary action. *Id.* In such circumstances, the matter must be "of instant, not past nor future, concern." *Id.* (quotation marks omitted).

### A. The Questions

[¶ 7] The House has posed two questions regarding the constitutional restrictions placed on a Treasurer of State by the Maine Constitution:

Question 1. Does mere ownership of business interests or stock by the Treasurer of State constitute engaging in any business of trade or commerce, or as a broker, or as an agent or factor for any merchant or trader as such terms are used in the Constitution of Maine, Article V, Part Third, Section 3?

Question 2. If the answer to Question 1 is in the affirmative, would the Treasurer of State be engaged in any business of trade or commerce, or as a broker, or as an agent or factor for any merchant or trader if the Treasurer of State did not manage or involve himself

in the day-to-day activities of such business interests or stock?

[¶ 8] In its third question, the House asks us to opine on the effects of the possible business-related conduct of a Treasurer on the validity of the official acts of the Treasurer while in office:

> Question 3. If it is determined that the Treasurer of State has engaged in any business of trade or commerce, or as a broker, or as an agent or factor for any merchant or trader, does that finding affect or have an impact on the validity of the actions taken by the Treasurer of State in the performance of his official duties as used in the Constitution of Maine, Article V, Part Third, Section 3?

**B. Solemn Occasion**

■ [¶ 9] With respect, we must conclude that, in the context before us, the propounded questions do not present a matter of live gravity or unusual exigency. The record contains no findings or adjudication regarding the nature of any alleged constitutional violation;[1] no facts have been presented to the Justices through the communication from the House of Representatives; the questions themselves are presented in the abstract and do not indicate the context in which they should be evaluated; and the record is silent with regard to the need for the discharge of any duties of the House of Representatives or the proposed commencement of any action by the Executive or Legislative Branch or any other governmental entities. *Cf. Opinion of the Justices*, 343 A.2d 196, 202–03 (Me.1975) (answering question propounded by the Governor when a complaint had been filed that required the Governor's immediate determination

whether to remove a District Attorney). Absent clear facts on which to opine, the questions present too broad a range of potential factual and legal possibilities. Given the procedural posture of this matter, we cannot conclude that an unusual exigency exists concerning a matter of live gravity. *See Opinion of the Justices*, 2004 ME 54, ¶ 3, 850 A.2d 1145; *Opinion of the Justices*, 2002 ME 169, ¶ 6, 815 A.2d 791; *Opinion of the Justices*, 709 A.2d at 1185.

## II. CONCLUSION

[¶ 10] No solemn occasion has been presented. We respectfully decline to answer any of the three questions presented.

/s/_____
Leigh I. Saufley
Chief Justice

/s/_____
Jon D. Levy

/s/_____
Warren M. Silver

/s/_____
Andrew M. Mead

/s/_____
Ellen A. Gorman

/s/_____
Joseph M. Jabar
Associate Justices

1. Although the *amicus curiae* brief submitted by eight members of the House of Representatives refers to certain facts and allegations, apparently drawn from the Attorney General's opinion, those facts and allegations are not presented with or within the House ORDER presented to us, and thus, we do not consider them in our analysis.